UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-01561-CAS-DMK | Date | April 3, 2026 |
|----------|----------------------|------|---------------|
| Title | Quinonez Herrera et al v. Mullin et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|-----------------|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**        (IN CHAMBERS) – EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER (Dkt. 2, filed on March 31, 2026)

## I.   INTRODUCTION

On March 31, 2026, Karla Ruby Quinones Herrera ("Petitioner" or "Quinones Herrera"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Markwayne Mullin, Rodeny S. Scott, Jaime Rios, Eddy Wang, and the Warden of the Adelanto Detention Facility (collectively, "Respondents"). Dkt. 1 ("Pet."). Petitioner seeks a writ ordering that she be released from immigration detention, or alternatively, ordering that Respondents afford Petitioner a bond hearing. Id. at 11.

The same day, Petitioner filed the instant *ex parte* application for a temporary restraining order ("TRO") to require Respondents to release Petitioner from custody or, in the alternative, order Respondents to provide Petitioner an individualized bond hearing before an immigration judge. Dkt. 2 ("App").

On March 31, 2026, the Court ordered that Petitioner may not be removed from the Central District of California, until further order of Court. Dkt. 4.

On January 7, 2026, Respondents filed a response to Petitioner's TRO. Dkt. 5 ("Resp.").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-01561-CAS-DMK | Date | April 3, 2026 |
|---|---|---|---|
| Title | Quinonez Herrera et al v. Mullin et al. | | |

## II.   BACKROUND

Petitioner alleges the following in her petition.

Petitioner is a noncitizen currently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto Detention Facility in Adelanto, California.  Pet. at 5.

Petitioner was arrested by ICE on February 17, 2026, in Victorville, California.  Id. at 7.

ICE has issued Petitioner a Notice to Appear, charging her as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act.  Id.

Petitioner remains in ICE custody and has not been afforded a bond hearing.  Id.

Petitioner is a single woman and the mother of two children who are United States citizens, one of whom suffers from level three autism and severe ADHD.  Id.

Respondents do not contest Petitioner's factual allegations.  See generally Resp.

## III.   LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief.  Whether to grant them is within the discretion of the district court."  Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017).  To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal. Pharms. Ass'n v. Maxwell-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                              'O'

| Case No. | 5:26-cv-01561-CAS-DMK | Date | April 3, 2026 |
|---|---|---|---|
| Title | Quinonez Herrera et al v. Mullin et al. | | |

Jolly, 563 F.3d 847, 849 (9th Cir. 2009).  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010).  Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (citation omitted).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue.  C.D. Cal. L.R. 65-1.

## IV.    DISCUSSION

The Court finds that the *ex parte* nature of Petitioner's request for relief is appropriate because Petitioner alleges irreparable injury by unlawful detention.  See Mission Power, 883 F. Supp. at 492 (discussing showing required for *ex parte* relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

### A.     Merits of Injunctive Relief

The Court finds that Petitioner has adequately demonstrated that *ex parte* relief is warranted and that she is entitled to a TRO requiring that she be provided a bond hearing. Respondents do not argue otherwise.  Rather, in response, Respondents state:

> Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, --- F. Supp. 3d ---, 2025 WL 3713982 (Dec. 18, 2025), and amended and superseded on reconsideration, --- F. Supp. 3d ---, 2025 WL 3713987 (Dec. 18, 2025). On December 18, 2025, the Bautista court entered final judgment as to the Bond Eligible Class, 2025 WL 3678485, which was appealed. On February 18, 2026, the Bautista court issued an order enforcing the judgment, 2026 WL 468284, which was also appealed.

> On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal of (1) the District Court's December 18, 2025 class certification order and final judgment, insofar as they extend beyond the Central District of California, and (2) the District Court's February 18, 2026 post-judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 5:26-cv-01561-CAS-DMK | | Date | April 3, 2026 |
|---|---|---|---|---|
| Title | Quinonez Herrera et al v. Mullin et al. | | | |

order vacating the Board of Immigration Appeals' decision in Yajure Hurtado. Maldonado Bautista v. Exec. Off. for. Immig. Rev., Nos. 25-7958, 26-1044 (9th Cir.), ECF No. 14.1. The Ninth Circuit's order provides that the "district court's December 18, 2025 judgment remains in place as to the Central District of California." Id. at 4.

Resp. at 2.

Accordingly, Respondents acknowledge that Petitioner's claims as to her entitlement to a bond hearing were addressed by the order in Bautista, which declared DHS' denial of a bond hearing for the eligible class to be unlawful. No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Having reviewed Petitioner's allegations and Respondents' response, the Court finds that Section 1226(a) governs Petitioner's detention and affords her a right to a bond hearing. Accordingly, consistent with what courts in this district have generally ordered in similar cases, the Court orders Respondents to provide Petitioner with such a hearing within seven (7) days. See Engonga v. Noem, No. 5:25-CV-03479-FWS-MAA, 2025 WL 3764077, at *3 (C.D. Cal. Dec. 23, 2025); Mosqueda v. Noem, 2025 WL 2591530, at *7 (C.D. Cal. Sept. 8, 2025) ("Respondents are enjoined from continuing to detain petitioners unless they are provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order.").

To the extent that Petitioner seeks immediate release from detention, the Court finds that Petitioner has not met her burden of showing that due process entitles her to such relief. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1213 (9th Cir. 2022) (holding that Section 1226(a)'s post-detention bond hearing procedures generally satisfy due process).

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** Petitioner's request for a temporary restraining order. It is hereby **ORDERED** that:

1. Respondents are enjoined from continuing to detain Petitioner unless Petitioner is provided with an individualized bond hearing before an immigration judge within 7 days of the date of this Order. Respondents must provide Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 5:26-cv-01561-CAS-DMK | Date | April 3, 2026 |
|----------|----------------------|------|---------------|
| Title | Quinonez Herrera et al v. Mullin et al. | | |

with a meaningful opportunity to be heard before a neutral arbiter and the opportunity to be represented by counsel and to present evidence;

2. Petitioner may amend the habeas petition and/or seek other emergency relief if the bond hearing does not comply with due process or other applicable laws or regulations;

3. Pursuant to General Order No. 26-05, during the pendency of Petitioner's case, the government shall provide at least two days' notice to Petitioner, her counsel, and the Court of its intent to remove Petitioner from the Central District of California;

4. Pursuant to General Order No. 05-07, further proceedings on the merits of the habeas petition are referred to the assigned magistrate judge for decision;

5. Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than three (3) days after Respondents' filing;

6. Respondents shall personally serve this Order on Petitioner;

7. Respondents shall file proof that the bond hearing occurred and the decision of the immigration judge and/or the release order within 10 days of the date this Order is issued.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|----|----|
| Initials of Preparer | | CMJ | |